# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| EARNEST STEVENSON, III., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. 3:07-CV-0269-N |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b) and the order of the District Court filed on February 8, 2007. The findings, conclusions, and recommendations of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

Procedural History:  On May 2, 2002, plaintiff Earnest Stevenson ("Plaintiff" or "Stevenson") filed an application for disability insurance benefits, claiming disability due to bipolar disorder. (Administrative Record (hereinafter "Tr.") at 94A, 111). He alleged a disability onset date of January 1, 2001. (Tr. at 95).

The Administrative Law Judge ("ALJ") conducted a hearing on December 29, 2005 at which Stevenson appeared with his counsel. (Tr. at 372-400). He testified on his own behalf and the ALJ also received testimony from a medical expert, psychologist Alvin Smith, and a vocational expert, Tammie Donaldson. On June 13, 2006, the ALJ denied Plaintiff's request for benefits, finding that he was not disabled because there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. (Tr. at 17-18).

Plaintiff timely requested a review of the ALJ's decision by the Appeals Council. In conjunction with that request, he also submitted additional medical evidence consisting of a medical source statement prepared and signed by Dr. Tamella Trulson, Plaintiff's treating physician. (Tr. at 3A, 370-371).

On October 18, 2006, the Appeals Council denied Plaintiff's request for review. (Tr. at 4). Therefore, the ALJ's decision became the Commissioner's final decision for purposes of judicial review. *See Masterson v. Barnhart*, 309 F.3d 267, 271 (5th Cir. 2002).

Plaintiff filed his federal complaint on February 8, 2007. Defendant filed an answer on July 11, 2007. On November 1, 2007, Plaintiff filed his brief, followed by Defendant's brief on February 11, 2008. Plaintiff filed his reply brief on March 14, 2008.

Standard of Review - Social Security Claims: When reviewing an ALJ's decision to deny benefits, the scope of judicial review is limited to a determination of: (1) whether the ALJ's decision is supported by substantial evidence in the record and (2) whether the proper legal standards were applied in evaluating the evidence. *Castillo v. Barnhart*, 325 F.3d 550, 551 (5th Cir. 2003) (quoting *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990)). "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Villa*, 895 F.2d at 1021-22 (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). In determining whether substantial evidence exists, the court reviews the entire record, but does not reweigh the evidence, retry the issues, or substitute its own judgment. *Villa*, 895 F. 2d 1022 (citations omitted). Where the Commissioner's findings of fact are supported by substantial evidence, they are conclusive. *Perez v. Barnhart*, 415 F.3d 461(5th Cir. 2005).

Discussion: To prevail on a claim for disability insurance benefits, a claimant bears the burden of establishing "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months," to wit: that he is disabled. 20 C.F.R. § 404.1505. Substantial gainful activity is defined as "work that [i]nvolves doing significant and productive physical or mental duties; and [i]s done (or intended) for pay or profit." 20 C.F.R. § 404.1510.

The ALJ uses a sequential five-step inquiry to determine whether a claimant is disabled. *See* 20 C.F.R. §404.1520. Under the first four steps, a claimant has the burden of proving that his disability prevents him from performing his past relevant work, but under the fifth step, the burden shifts to the Commissioner to prove there is other substantial gainful activity that the claimant can perform. *See, e.g., Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989). "A finding that a claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis." *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In this case, the ALJ proceeded to step five, finding that Plaintiff was not disabled because he was capable of performing jobs that exist in significant numbers in the national economy. (Tr. at 17-18). He, therefore, denied Plaintiff's request for benefits. *Id*.

Plaintiff's only alleged point of error relates to a medical source statement submitted by Dr. Tamella Trulson. Dr. Trulson's report was not submitted to the ALJ and was submitted for the first time to the Appeals Council. However, evidence submitted for the first time to the Appeals Council is part of the record on appeal and must be considered and addressed by the

3

court.  *See Higginbotham v. Barnhart*, 405 F.3d 332, 337-38 (5th Cir. 2005).  The Appeals Council reviewed Dr. Trulson's report and included it in the administrative record.  (Tr. at 7).  However, the Appeals Council did not discuss the report in its notice of action and routinely denied Plaintiff's request for review without further analysis.  (Tr. at 4-6).

Plaintiff requests remand for additional proceedings so that Dr. Trulson's report may be properly considered.  Dr. Trulson, a psychiatrist, treated Plaintiff at ABC Behavioral Healthcare beginning on June 5, 2001.  (Tr. at 232).  She treated him on more than 35 occasions before submitting her statement.  (Tr. at 213-232, 268-300).  Dr. Trulson's report, a "Medical Source Statement of Ability to do Work-Related Activities (Mental) dated July 27, 2006," rated Stevenson's abilities to perform a number of mental activities of work.  (Tr. at 370-371).  Trulson opined that Stevenson has "marked" limitations in his abilities to make judgments on simple work-related decisions, interact appropriately with supervisors, interact appropriately with co-workers, and respond appropriately to changes in a routine work setting.  (Tr. at 370-371).  She also indicated that Stevenson has "extreme" limitation in his ability to respond appropriately to work pressures in a usual work setting.  (Tr. at 371).  These opinions directly conflict with many of the ALJ's findings, including his finding that Stevenson is "able to respond appropriately to supervision and co-workers."  (Tr. at 17).

The Commissioner argues that Dr. Trulson's report is merely a "conclusory statement" and, therefore, could not have changed the ALJ's decision, rendering remand inappropriate, citing *Higginbotham v. Barnhart*, 2006 WL 166284 (5th Cir. Jan. 10, 2006) (decision on appeal after the case was remanded to the district court in *Higginbotham*, 405 F.3d 332 (5th Cir. 2005), supra).  The court disagrees.  Unlike the statement in that case, which summarily concluded that

4

the claimant suffered from a "complete loss of ability to perform regular employment activity," Dr. Trulson's statement specifically addresses Plaintiff's ability to perform numerous mental activities required for work and describes clinical observations in support of those assessments. (Tr. at 370-371). She does not merely opine that Stevenson is disabled. Likewise, there is no authority that requires the court to reject a medical opinion merely because it is in checklist form, as the Commissioner suggests.

Under the Social Security Regulations, opinions of treating physicians as to the nature and severity of a claimant's impairments are given controlling weight so long as the opinion is supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record. 20 C.F.R. § 404.1527(d)(2). An ALJ may give less weight to a treating physician's opinion only when "there is good cause shown to the contrary . . ." *Loza v. Apfel*, 219 F.3d 378, 395 (5th Cir. 2000) (citing *Scott v. Heckler*, 770 F.2d 482, 485 (5th Cir. 1985)). An ALJ must perform a detailed analysis of the treating physician's opinion under the criteria set forth in the Regulations before rejecting the opinion. *Newton v. Apfel*, 109 F.3d 448, 453 (5th Cir. 2000). Those factors include the length of the treatment relationship, the nature and extent of the treatment relationship, the evidence supporting the opinion, and the specialty of the physician, among other considerations. 20 C.F.R. § 404.1527(d)(2)(i) and (ii). The ALJ may not summarily reject the treating physician's opinion based only on the testimony of a medical expert who has not examined the claimant. *Newton*, 209 F.3d at 458.

The summary denial by the Appeals Council provides no indication that the Appeals Council evaluated Dr. Trulson's statement as required by the Regulations and Fifth Circuit case

law and includes no discussion of good cause for rejecting Dr. Trulson's assessment, which is incongruent, if not also in conflict with the ALJ's findings. Although the ALJ had no opportunity to consider Dr. Trulson's analysis, the court cannot weigh Dr. Trulson's opinions, try the issue of Stevenson's residual functional capacity de novo, or substitute its judgment on the ultimate issue of disability for that of the Commissioner. *See Newton*, 209 F.3d at 455. Therefore, remand to the Commissioner for further consideration of Dr. Trulson's evaluation is warranted.

**RECOMMENDATION:**

For the forgoing reasons, it is recommended that the District Court enter its order REVERSING the decision of the Commissioner and REMANDING for additional proceedings consistent with this recommendation. A copy of this recommendation shall be transmitted to counsel for the parties.

Signed this 27th day of March, 2008

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE
In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten (10) day period may bar a *de novo* determination by the district judge of any finding of fact and conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.